UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM TRUDEAU, JR. | : | No. 3:16-cv-273 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | June 6, 2018 |

**GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION TO REVALUATE HIS § 2255 PETITION BASED ON NEW LAW**

Petitioner William Trudeau, Jr. has asked this Court to reevaluate this Court's May 3, 2017 decision denying his motion to vacate, set aside or correct his sentence. Doc. 34. Petitioner claims that the Supreme Court's subsequent decision in *Nelson v. Colorado*, __ U.S. __, 137 S. Ct 1249 (Apr. 19, 2017) represents new law that overturns the basis on which this Court sentenced him. Doc. 39-1 at 2. Specifically, Petitioner asserts that *Nelson* is at odds with *United States v. Watts*, 519 U.S. 148 (1997)(permitting sentencing court to factor acquitted conduct proven by a preponderance of the evidence into its sentence for convicted conduct), and although he had come to terms with the use of acquitted conduct in his sentencing, he now believes that *Nelson* mandates a reexamination of his sentence. Doc. 39-1 at 2.

On April 17, 2018, this Court issued an Order to Show Cause directing the government to respond to Petitioner's Motion for Relief from Order on Motion to Vacate Set Aside or Correct Sentence by May 17, 2018. The government was unable to file its response on May 17, 2018. The government respectfully requests the Court accept this response be filed out of time, and apologizes to the Court and Petitioner for the delay.

Defendant's reading of *Nelson* is incorrect. Although Petitioner is no doubt frustrated with his sentence in that he has exhausted all legal remedies, simply put, neither *Nelson* nor *Watts*

has or had any bearing on his sentence.

*First*, in *Nelson*, the Supreme Court was confronted with a case in which an appellate court reversed a defendant's conviction and, on re-trial, the defendant was acquitted of all charges. *Nelson*, 137 S. Ct at 1253.  In refusing Colorado's attempt to retain costs, fees and restitution associated with the original trial, the Supreme Court held "Colorado may not presume a person, adjudged guilty of **no** crime, nonetheless guilty *enough* for monetary exactions." *Id.* at 1256 (initial emphasis added, second emphasis in original).  Here, of course, Petitioner was convicted of two crimes – an overarching multi-year conspiracy to commit bank fraud and a substantive count of wire fraud – the statutory maximums for which exceeded his ultimate below-Guidelines sentence.  Perhaps more importantly, his attempts to have his sentence on the crimes for which he was convicted reduced were rejected both on direct appeal and in his §2255 petition.  Having had his convictions upheld, Petitioner is in no position to claim any parallel to the plaintiff in *Nelson*.

*Second*, despite Petitioner's persistence in insisting that he was sentenced based on acquitted conduct, the record shows that he was not.  To be sure, *Watts* and its progeny allow a sentencing court to consider acquitted conduct demonstrated by a preponderance of the evidence in determining its sentence for any count of which a defendant was convicted.  *See, e.g., Watts*, 519 U.S. at 156 ("[A] jury's verdict of acquittal does not prevent a sentencing court from considering conduct underlying the acquitted charge, so long has that conduct has been proved by a preponderance of the evidence").  But Petitioner's sentence was based entirely on the crimes for which he *was* convicted, including the overarching multi-year conspiracy charged in Count One. Indeed, the Second Circuit flatly rejected Petitioner's argument in his direct appeal that his sentence was based on acquitted conduct.  As the Second Circuit stated:

> As an initial matter, Trudeau's contention that the acquitted counts demonstrate that the jury did not find the objects of the conspiracy associated with those counts fails

> because the jury could convict for conspiracy even if the substantive crimes were not proven. . . . the district court correctly recognized its ability to consider the conduct alleged **in Count One** to determine Trudeau's sentence, despite the fact that the acquitted counts were based on the same conduct.

*United States v. Trudeau*, 562 Fed. Appx. 30, 33-34 (2d Cir. 2014)(citations to sentencing court's minutes omitted)(emphasis added).  Put another way, because the conspiracy of which Trudeau was convicted only required proof of his knowing entrance into an illegal agreement and commission of the overt acts by a coconspirator, regardless of whether Petitioner himself was convicted of committing the overt acts, his sentence on Count One was not at odds with his acquittal of certain substantive counts.  Thus, even if *Watts*, which remains the law of the land, is reversed in the future, such a reversal would have no impact on Trudeau's below-Guidelines sentence.

## **CONCLUSION**

For the foregoing reasons, the Court should determine that the Petitioner's reliance on *Nelson v. United States* is unfounded and there is no reason to reconsider this Court's decision to deny his Petition.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY

    /s/
    RAHUL KALE
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. PHV02526
    1000 Lafayette Boulevard
    Bridgeport, CT  06604
    Tel.: (203) 696-3000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2018, a copy of the foregoing was filed electronically, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/

_____
RAHUL KALE
ASSISTANT U.S. ATTORNEY