UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM TRUDEAU, JR. | : | CIV. NO. 3:16CV-00273(JCH) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | JUNE 26, 2018 |

**PETITIONERS REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVALUATE HIS §§ 2255 PETITION BASED ON NEW LAW**

NOW COMES, the Petitioner William Trudeau, Jr., herein after "Trudeau" with a brief in Reply to the Government's Response concerning his previously filed petition seeking revaluation of his request for habeas relief pursuant to Title 28 U.S.C. § 2255, herein after "§ 2255".

For the reasons contained within, Trudeau requests that this Court set a date for a hearing regarding this matter, so that arguments may be presented before the Court renders a final decision.

Further, Trudeau requests that said hearing date be set in an expeditious fashion, as a decision in his favor will have substantial effect on the length of his term of incarceration, and may cause for immediate release as well as the possible return of all previously surrendered funds with regard to the Court's restitution ORDER.

The Supreme Court ruled in Nelson v. Colorado, 137 S. Ct. 1249 (2017) that if found to be not guilty, a defendant is entitled to have the presumption of innocence reinstated. Nelson, supra at 1251. A defendant found not guilty of a criminal act by one

standard, should not fact he task of reestablishing innocence as he is now presumed innocent.  See Nelson, supra.

The Government's second argument, that acquitted conduct was not used in calculation of Trudeau's sentence is also faulty as the Second Circuit Court of Appeals stated that it was very possible that the jury found Trudeau guilty of only Count Nine and the relating conspiracy, and as such, the use of the other criminal acts at sentencing was in fact the use of acquitted conduct, and in light of the Nelson decision's re-affirmance of the importance of the presumption of innocence and its connection to due process, the use of acquitted conduct, at least in this matter, violates the Constitution.

The Nelson Court found that once a conviction is invalidated, for any reason, the presumption of innocence is restored to the defendant. With this finding in mind it is not beyond reason to conclude that the Supreme Court's decision would include those criminal acts a defendant was acquitted of as well.

This argument is bolstered by the Second Circuits decision to extend the Nelson findings to two (2) cases before it which dealt with the question of abatement, United States v. Brooks, 872 F.3d 78 (2d Cir. 2017) and United States v. Libous, 858 F.3d 78 (2d Cir. 2017).  In both instances the Second Circuit stated that when a conviction is no longer valid, there is no further support for the government's retention of a penalty. Subsequently, the defendants release from the penalty is not only appropriate but necessary as there is no longer a basis to require a penalty.

Trudeau contends that in light of the <u>Nelson</u> decision and the record in this matter, a prima facia case for relief has been established, and a hearing to discuss any material facts which may be in dispute is appropriate.

The presumption of innocence "lies at the foundation of our criminal law." <u>Coffin v. United States</u>, 156 U.S. 432, 453 (1895).

As a pragmatic matter, if one wipes out Counts Two-Eight which with a non-guilty verdict from the jury is the case, the Court needs to ask if those Counts were never an issue and testimony was not elicited relative thereto would William A. Trudeau, Jr., have been sentenced to one hundred and eighty eight (188) months, which is fifteen (15) years and eight (8) months. The Government's response states that "Petitioner is no doubt frustrated with his sentence" and viewed dispassionately it seems like an incredibly long sentence given the jury verdict and the change in the case law since the original sentence was prescribed.

WHEREFORE, for the reasons contained within, William A. Trudeau, Jr., requests that a hearing to further discuss this matter be held in an expeditious fashion as well as any and all other relief this Court believes to be both appropriate and necessary to remedy this matter.

<u>Plaintiff:</u>
 /s/ Edward L. Marcus
Edward L. Marcus, Esq.
The Marcus Law Firm
275 Branford Road
North Branford, CT 06471
Federal Bar # ct08175
(P) (203) 481-3330
(F) (203) 488-4070
Email: emarcus@marcuslawfirm.com

## **CERTIFICATION**

I hereby certify that on, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

  /s/ Edward L. Marcus
Edward L. Marcus